UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>  Plaintiff,<br>  v.<br><br>LOCAL 286, INTERNATIONAL UNION OF OPERATING ENGINEERS,<br><br>  Defendant. | No.<br><br><br>COMPLAINT |

  Plaintiff R. Alexander Acosta, Secretary of Labor, alleges as follows:

<u>NATURE OF THE ACTION</u>

  1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. §§ 481–484, for a judgment declaring that the August 9, 2017, election of union officers conducted by Local 286, International Union of Operating Engineers (Defendant), for the offices of president, vice president, treasurer, business manager–financial secretary, recording-corresponding secretary, executive board district representatives (seven positions), executive board member-at-large, and trustees (three positions) is void, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

COMPLAINT -1

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff R. Alexander Acosta is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of King, Washington, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the LMRDA, 29 U.S.C. §§ 402(i) and (j) and 481(b).

7. Defendant, purporting to act pursuant to its bylaws and the International's Constitution, conducted an election of officers on August 9, 2017, and this election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481–84.

8. By letter dated September 5, 2017, to Defendant's Recording Secretary, the complainant, Rodney Mesa, a member in good standing of Defendant, protested the election.

9. By letter dated September 26, 2017, to Mesa, Defendant's Executive Board denied the protest.

10. Mesa appealed the Executive Board's decision to the International General Secretary-Treasurer by letter dated October 3, 2017.

11. The International General President acknowledged receipt of the appeal by letter dated October 24, 2017.

12. Having invoked the remedies available for three calendar months without receiving a final decision, Mesa filed a timely complaint with the Secretary of Labor on January 2, 2018, within the one calendar month required by section 402(a)(2) of the LMRDA, 29 U.S.C. § 482(a)(2).

13. By letter signed January 18, 2018, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to March 26, 2018.

14. By letter signed March 6, 2018, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to April 9, 2018.

15. Defendant provided two combined nomination-election notices to its membership during the conduct of the aforesaid election.

16. The first combined nomination-election notice appeared in the March 2017 issue of Defendant's quarterly newsletter (the March notice). The March notice was distributed only by posting the newsletter on the members-only section of Defendant's website.

17. Of Defendant's 3130 members, approximately 700 members had access to the members-only section of Defendant's website.

18. The first page of the March 2017 issue of the newsletter contained no reference to the upcoming officer election or to any notice of nominations inside the newsletter. The March notice appeared on pages 3–6 of the March 2017 issue of the newsletter.

19. The March notice did not clearly communicate the officer positions that were to be filled.

20. The March notice did not clearly communicate the proper method of making nominations.

21. The second combined nomination-election notice appeared in the June 2017 issue of Defendant's quarterly newsletter (the June notice). The June 2017 issue of the newsletter was mailed to members.

22. The first page of the June 2017 issue of the newsletter contained no reference to the upcoming officer election or to any notice of nominations inside the newsletter. The June notice appeared on page 3 of the June 2017 issue of the newsletter.

23. The only information the June notice contained regarding nominations was the following: "**July 13, 2017 – 7:30 p.m.** General Membership Nomination of Candidates."

24. The June notice did not specify that it was a notice of nominations for an election of officers.

25. The June notice did not identify the officer positions that were to be filled.

26. The June notice did not identify the proper method of making nominations.

27. The June notice did not identify the place for submitting nominations.

28. Nominations were held at a special general membership meeting at Defendant's hall in Auburn, Washington, on July 13, 2017, beginning at 7:30 p.m.

29. Twenty-seven members, in addition to officers and others, attended the nominations meeting.

30. At the nominations meeting, one member nominated the full incumbent slate. Another member nominated Mesa for business manager–financial secretary. There were no other nominations.

31. The unopposed candidates, all incumbents, were reelected by acclamation.

32. The ballot tally took place on August 9, 2017.

33. Incumbent business manager–financial secretary Richard Spencer received 507 votes; challenger Mesa received 280 votes. Spencer was reelected.

34. Pursuant to section 601 of the LMRDA, 29 U.S.C. § 521, and in accordance with section 402(b) of the LMRDA, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) a violation of Title IV of the Act, 29 U.S.C. §§ 481–484, had occurred in the conduct of Defendant's August 9, 2017, election, and (2) that such violation had not been remedied at the time of the institution of this action.

## CAUSE OF ACTION

35. Section 401(e) of the LMRDA requires that a reasonable opportunity be given for the nomination of candidates. 29 U.S.C. § 481(e).

36. To meet the requirement of a reasonable opportunity for the nomination of candidates, 29 U.S.C. § 481(e), a union must give timely notice reasonably calculated to inform all members of the offices to be filled in the election as well as the time, place, and form for submitting nominations. 29 C.F.R. § 452.56(a).

37. To meet the requirement of a reasonable opportunity for the nomination of candidates, 29 U.S.C. § 481(e), a nomination notice published in a union newspaper must be published with sufficient prominence to be seen by all members. 29 C.F.R. § 452.56(a).

38. To meet the requirement of a reasonable opportunity for the nomination of candidates, 29 U.S.C. § 481(e), union members must be fully informed of the proper method of making such nominations. 29 C.F.R. § 452.56(b).

39. Defendant violated section 401(e) of the LMRDA, 29 U.S.C. § 481(e), during the conduct of the aforesaid election in that the March and June notices were not reasonably calculated to inform all members of the offices to be filled or the place or form for submitting nominations; the two notices were not published with sufficient prominence to be seen by all members; and members were not fully informed of the method of making nominations.

40. The violation of section 401(e) of the LMRDA, 29 U.S.C. § 481(e), may have affected the outcome of Defendant's election for the offices of president, vice president, treasurer, business manager–financial secretary, recording-corresponding secretary, executive board district representatives (seven positions), executive board member-at-large, and trustees (three positions).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring Defendant's election for the offices of president, vice president, treasurer, business manager–financial secretary, recording-corresponding secretary, executive board district representatives (seven positions), executive board member-at-large, and trustees (three positions) to be void;

(b)  directing Defendant to conduct a new election for those offices, including new nominations, under the supervision of Plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

Dated this 9th day of April, 2018.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

/s Kristin B. Johnson
KRISTIN B. JOHNSON, WSBA #28189
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
Tel:  (206) 553-7970
Fax:  (206) 553-4073
E-mail: kristin.b.johnson@usdoj.gov
Attorney for R. Alexander Acosta, Secretary of Labor, United States Department of Labor